WILLIAM SCARLETT *et al.*, Appellants, *v.* IRA GORHAM *et al.*, Appellees.

APPEAL FROM KANE.

The rights of a *bona fide* purchaser of land will not be affected by previous fraudulent transactions, connected with the transfer of it.

Notice by *lis pendens* does not extend so as to affect those who claim under parties who were not parties to the litigation.

THIS bill of complaint, filed October 15, 1857, by the complainants against Stephenson alone, prays to set aside a conveyance made by Gorham, one of the complainants, to said Stephenson, of certain lands in Kaneville, Kane county, on the ground of fraud, or fraudulent representations, on the part of Stephenson, in obtaining such deed; and that the title to said lands may become again vested in the complainants.

In December, 1859, one of the complainants (Gorham) filed what purports to be a suplemental bill of complainant against

Stephenson, William and Mary Scarlett, Thomas Newlan and others, certain judgment creditors of Stephenson, alleging fraud and fraudulent representations on the part of Stephenson, to obtain the deed of said lands, and praying that said judgments be reversed, and cease to be a lien on said lands, and all sales and deeds of said lands made by the sheriff be set aside, and the deed from Gorham to Stephenson be cancelled, and Stephenson re-convey, or said creditors of Stephenson be directed to pay complainant's demand of $600.

Mary E. Scarlett purchased of Thomas Newlan, and Newlan obtained title through a sheriff's deed of the lands, made after the expiration of the time of redemption, on a sale made May 1, 1858, upon a judgment obtained against Stephenson, in Kane Circuit Court, March 9, 1857, by Abraham Moore, who sued for the use of Julius C. Burnham, for the sum of $240, and also upon a judgment obtained against Stephenson in favor of same parties, on May 29, 1827, for $1,000 debt, and $266.64 damages and costs; which sale of said lands was made to one Anor Richardson; and said Richardson's certificate of purchase was sold and assigned by him to Newlan, and Newlan received the sheriff's deed.

Newlan obtained judgment against Stephenson, September 12, 1857, in Aurora Court of Common Pleas, for $490.60; and the land in controversy was sold on an execution on said judgment, on the first day of January, 1858, to Newlan.

Gorham conveyed the legal title to the lands in controversy to Stephenson, by warranty deed, September 12, 1857.

The two judgments in favor of Moore, for the use of Burnham, against Stephenson, it is alleged, became a lien on the land in controversy as soon as the legal title became vested in Stephenson; and the sale afterwards to Anor Richardson on said judgments vested in him a valid title, and the assignment of his certificate to Newlan; and the sheriff's deed, subsequently obtained thereon, vested in Newlan a valid title; and the conveyance by Newlan to Mary E. Scarlett, being *bona fide*, and for a valuable consideration, vested in her a valid title.

Anor Richardson was a third party (not a creditor) who

purchased for a valuable consideration, without notice, and was in all respects a *bona fide* purchaser; and the title of Newlan and Scarlett, through him, should be protected.

Newlan was also a *bona fide* purchaser on the sale on his own judgment, made January 1, 1858; which judgment was obtained, and became a lien, September 14, 1857.

The decree is in favor of both Gorham and Hawkins as complainants, and against Stephenson and several other defendants, having different rights, and states that the court did then and there find and fix the amount due from Hawkins (one of the complainants) to Gorham (another of the complainants), for the purchase-price of said land, and that claim against Hawkins ought to be a just lien on said land, etc.; and that the defendants have ninety days to pay the debt thus due from one of the complainants to the other, or the land be sold, etc.

CHAS. WHEATON, for Appellants.

GLOVER, COOK & CAMPBELL, for Appellees.

CATON, C. J. There was an abundance of fraud proved in this case to vacate the sale, and compel a re-transfer of the title, if the fraudulent party alone were to be affected by it. But here the rights of an innocent *bona fide* purchaser intervene. The title of the present owner relates back to the time when the payment became a lien upon the premises; at that time the bill had not been filed, even if the doctrine of notice by *lis pendens*, were extended, so as to affect those who claim under parties, who were not parties to the bill.

The decree must be reversed, and the 'bill dismissed.

*Decree reversed, and bill dismissed.*